**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| VEENA V. OZA | CIVIL ACTION |
| Plaintiff, | |
| v. | COMPLAINT 1:19-cv-05716 |
| AMERICAN HONDA FINANCE CORPORATION, SPECIALIZED LOAN SERVICES, EQUIFAX INFORMATION SERVICES, LLC, and TRANSUNION, LLC, | JURY TRIAL DEMANDED |
| Defendants. | |

## <u>COMPLAINT</u>

**NOW COMES** Veena V. Oza ("Plaintiff"), by and through her attorneys, Sulaiman Law Group, Ltd., complaining of the Defendants, American Honda Finance Corporation ("Honda"), Specialized Loan Services ("SLS"), Equifax Information Services, LLC ("Equifax"), and TransUnion, LLC, ("TransUnion" and collectively "Defendants") as follows:

### NATURE OF THE ACTION

1.    Plaintiff brings this action seeking redress for Defendant's violations of the Fair Credit Reporting Act ("FCRA") pursuant to 15 U.S.C. §1681 et seq.

### JURISDICTION AND VENUE

2.    Subject matter jurisdiction is conferred upon this Court by the FCRA, 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3.    Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Plaintiff resides in this District and all of the events or omissions giving rise to the claims occurred in this District.

1

## PARTIES

4.     Plaintiff Veena Oza is a consumer and a natural person over 18-years-of-age who, at all times relevant, owned the property located at 1124 Regency Lane, Carol Stream, Illinois 60188 ("subject property").

5.     Defendant SLS is a Colorado limited liability corporation with its principal place of business in Colorado. SLS is a foreign company and a creditor, lender, and servicer of mortgage loans across the country, including in the state of Illinois. SLS is a furnisher of credit information to the major credit reporting agencies, including Equifax and TransUnion.

6.     Defendant Honda is a foreign corporation with its principal place of business in Torrance, California.

7.     Equifax is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

8.     Defendant TransUnion is a Delaware limited liability corporation with its principal place of business located in Chicago, Illinois. TransUnion is in the business of compiling and maintaining files relating to consumers' credit information bearing on a consumer's credit worthiness, credit standing, or credit capacity, and provides consumer reports to third parties., is authorized to do business in the State of Illinois, and is registered with the Illinois Secretary of State. It has a registered agent located in Illinois.

9.     TransUnion is regularly engaged in the business of compiling and maintaining files on consumers on a nationwide basis for the purpose of furnishing consumer reports to third parties bearing on a consumer's credit worthiness, credit standing, or credit capacity.

## BANKRUPTCY CASE

10.     On February 29, 2016, Plaintiff filed a Chapter 13 bankruptcy petition in the United States

Bankruptcy Court, Northern District of Illinois, Case Number 16-06983 ("bankruptcy").

11.      Schedule D of the bankruptcy petition listed the debt owed to SLS ("Subject Loan").

12.     On March 2, 2016, Plaintiff filed her Original Chapter 13 Plan ("Original Plan").

13.     On March 5, 2016, by virtue of listing SLS as a creditor, the Bankruptcy Noticing Center

("BNC") served SLS with notice of Plaintiff's bankruptcy filing and Plaintiff's Original Plan.

14.     On June 10, 2016, Plaintiff filed a Modified Chapter 13 Plan ("Modified Plan").

15.     Plaintiff's Modified Plan proposed to treat SLS's claim as follows:

> "Debtor is surrendering the real property located at 1124 Regency Lane, Carol
> Stream, Illinois to America's Servicing Co / Wells Fargo Bank, N.A. and
> Specialized Loan Servicing (SLS) in full satisfaction of its claims."

16.     On June 17, 2016, Plaintiff's Modified Plan was confirmed by the Honorable Judge

William V. Altenberger.

17.     Plaintiff fully performed her duties and made all payments as was required under the terms

of her confirmed Chapter 13 Plan.[1]

18.     On June 4, 2018, the Bankruptcy Court entered an Order of Discharge in Plaintiff's case

of all dischargeable debts, including the subject loan.

19.     The Order of Discharge expressly states:

> "This order means that no one may make any attempt to collect a discharged debt
> from the debtors personally. For example, creditors cannot sue, garnish wages,
> assert a deficiency, or otherwise try to collect from the debtors personally on
> discharged debts..."

---

[1] A confirmed plan constitutes a new contract between the debtor and creditors and a creditor's rights are defined by the confirmed plan. Consequently, a pre-petition claim provided for in a confirmed plan is no longer a pre-petition claim. Thus, any scheduled payments are governed by the confirmed plan and are made directly to the bankruptcy trustee for distribution to creditors.

20.     On June 6, 2018, the BNC served SLS with the Order of Discharge.[2]

21.     Pursuant to 11 U.S.C. §524, the Order of Discharge invoked the protections of the discharge injunction prohibiting any acts to collect upon the subject loan by SLS.

22.     On July 26, 2018, Plaintiff's bankruptcy case closed and the Trustee was discharged.

23.     Plaintiff's personal liability on the subject loan was extinguished via her bankruptcy discharge, thus terminating the business relationship with SLS and any of its predecessors, successors and assigns.

**CREDIT REPORTING AND PLAINTIFF'S CREDIT DISPUTE TO TRANSUNION AND EQUIFAX**

24.     In late 2018, Plaintiff checked her credit reports to make sure all creditors were reporting accurately. Plaintiff discovered that Honda, SLS, Equifax, and TransUnion were reporting inaccurate, misleading and incomplete information. Specifically, Equifax and SLS were reporting the subject loan with, an incorrect payment status of charge-off and without a discharged status.[3]

25.     The reporting of the subject loan was patently inaccurate, incomplete, and materially misleading because the subject loan was discharged in Plaintiff's bankruptcy and should not have been reporting with a collection/charge-off payment status, as Plaintiff was current with payments up until she filed for bankruptcy.

26.     Moreover, Equifax and SLS should have been reporting that the subject loan was discharged in Plaintiff's bankruptcy, and should not have had remarks that the bankruptcy was dismissed, as the bankruptcy was not dismissed, but discharged in Plaintiff's Chapter 13 bankruptcy.[4]

---

[2] At no time did SLS file any proceedings to declare the subject debt as "non-dischargeable" pursuant to 11 U.S.C. §523 *et seq*.
[3] To help furnishers comply with their requirements under the FCRA, the Consumer Data Industry Association ("CDIA"), in cooperation with the Credit Reporting Agencies, publishes a Credit Reporting Resource Guide for reporting data called the "Metro 2 Format."
[4] Pursuant to the CDIA guidelines, a Chapter 13 bankruptcy, once completed and discharged, should be reported as "Discharged through BK Chapter 13. *See* 2013 CDIA Manual; page 6-21.

27.     Furthermore, both Equifax and TransUnion were reporting Plaintiff's Honda account with a monthly payment amount of $508, despite the account being paid and closed.

### a.  Plaintiff's Dispute Letter to Equifax

28.     December 13, 2018, Plaintiff sent a detailed dispute letter to Equifax requesting that her credit report be updated accurately reflect the account status and payment status of the subject loan. Furthermore, Plaintiff requested that the Monthly Payment status of the Honda account be updated.

29.     Among other items, Plaintiff's dispute letter stated the following:

> "1) Specialized Loan Servicing-This account was surrendered through my case and my liability has been severed. The balance, payment status, amount past due, and remarks are incorrect and need to be removed in full…
>
> 3) American Honda-This account is closed and the monthly payment of $508 should be zero…
>
> I want you to investigate all of the above accounts and contact them separately to update their information…"

30.     Upon information and belief, SLS and Honda received notice of Plaintiff's dispute letter and all enclosed supporting documents from Equifax within five days of Equifax receiving Plaintiff's dispute letter. See 15 U.S. Code §1681i(a)(2).[5]

### b.  Equifax's Continuing Inaccurate Reporting

31.     On March 8, 2019, Plaintiff checked her Equifax report and discovered that Equifax was reporting the SLS and Honda tradelines as follows:

---

[5] Plaintiff attached her bankruptcy case documents, driver's license, and bank statement to her dispute letter.

| SPECIALIZED LOAN SER | |
|---|---|
| Account Details | |
| Last Reported | Dec 19, 2018 |
| Creditor Name | SPECIALIZED LOAN SER |
| Account Type | Second Mortgage |
| Account Status | Closed - Paid and Closed |
| Opened Date | Jun 23, 2006 |
| Closed Date | -- |
| Limit | -- |
| Term | 144 Months |
| Monthly Payment | -- |
| Responsibility | Individual Account. |
| Balance | $0 |
| Highest Balance | -- |
| Payment Status | Collection/Charge-Off |
| Worst Payment Status | -- |
| Date of Last Payment | Feb 01, 2016 |
| Amount Past Due | -- |
| Times 30/60/90 Days Late | 0/0/0 |
| Remarks | Charged off account Chapter 13 bankruptcy dismissed Account previously in dispute - Now resolved by data furnisher |

| AMERICAN HONDA FINAN | |
|---|---|
| Account Details | |
| Last Reported | Dec 19, 2018 |
| Creditor Name | AMERICAN HONDA FINAN |
| Account Type | Auto |
| Account Status | Closed - Paid and Closed |
| Opened Date | Sep 28, 2005 |
| Closed Date | Sep 01, 2010 |
| Limit | -- |
| Term | 60 Months |
| Monthly Payment | $508 |
| Responsibility | Joint Account |
| Balance | $0 |
| Highest Balance | $27,025 |
| Payment Status | Current |
| Worst Payment Status | -- |
| Date of Last Payment | Sep 01, 2010 |
| Amount Past Due | -- |
| Times 30/60/90 Days Late | 0/0/0 |
| Remarks | -- |

32.     The reporting of the SLS trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff's bankruptcy was dismissed. However, Plaintiff is no longer personally liable and the account is not in collections or charged off, as Plaintiff's Chapter 13 bankruptcy was discharged on June 4, 2018.

33.     Moreover, SLS and Equifax failed to report the SLS trade line as discharged in bankruptcy.

34.     Furthermore, the reporting of the Honda trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is still personally responsible for, and obligated to pay, a monthly payment amount even though the account is fully paid off and closed.

### c. Plaintiff's Dispute Letter to TransUnion

35.     On December 13, 2018, Plaintiff sent a detailed dispute letter to TransUnion requesting that her credit report be updated accurately reflect the account status and payment status of the subject loan. Furthermore, Plaintiff requested that the Monthly Payment status of the Honda account be updated.

36.     Among other items, Plaintiff's dispute letter stated the following:

> "1) Specialized Loan Servicing-This account was surrendered thorugh my case and my liability has been severed. The balance, payment status, amount past due, and remarks are incorrect and need to be removed in full…
>
> 3) American Honda-This account is closed and the monthly payment of $508 should be zero…
>
> I want you to investigate all of the above accounts and contact them separately to update their information…"

37.     Upon information and belief, SLS and Honda received notice of Plaintiff's dispute letter and all enclosed supporting documents from TransUnion within five days of TransUnion receiving Plaintiff's dispute letter. See 15 U.S. Code §1681i(a)(2).[6]

### d. TransUnion's Continuing Inaccurate reporting

38.     On March 8, 2019 Plaintiff checked her credit report and discovered that TransUnion was continuing to report the Honda account as follows:

---

[6] Plaintiff attached her bankruptcy case documents, driver's license, and bank statement to her dispute letter.

| AMER HONDA | |
|---|---|
| **Account Details** | |
| Last Reported | Sep 25, 2010 |
| Creditor Name | AMER HONDA |
| Account Type | Automobile |
| Account Status | Closed |
| Opened Date | Sep 28, 2005 |
| Closed Date | Sep 25, 2010 |
| Limit | -- |
| Term | 60 Months |
| Monthly Payment | $508 |
| Responsibility | Joint |
| Balance | $0 |
| Highest Balance | $27,025 |
| Payment Status | Current |
| Worst Payment Status | Unknown |
| Date of Last Payment | Sep 25, 2010 |
| Amount Past Due | $0 |
| Times 30/60/90 Days Late | 0/0/0 |
| Remarks | Closed |

39.     The reporting of the Honda trade line is patently inaccurate, incomplete, and creates a materially misleading impression that Plaintiff is still personally responsible for, and obligated to pay a monthly payment amount. However, Plaintiff is no longer personally liable on the Honda account, as Plaintiff has completely paid off and closed the account.

**IMPACT OF CONTINUING**
**INACCURATE REPORTING ON PLAINTIFF'S CREDIT FILES**

40.     The erroneous reporting of the SLS and Honda accounts paint a false and damaging image of Plaintiff. After it was provided notice by Plaintiff, SLS, and Honda, both TransUnion and Equifax did not update the Honda trade line to accurately reflect the status of the account. Furthermore, Equifax failed to update the SLS trade line to accurately reflect the status of the subject loan.

41.     The entire experience has imposed upon Plaintiff significant distrust, frustration, distress, and has rendered Plaintiff helpless as to her ability to regain a firm foothold on her creditworthiness, credit standing, credit capacity, and her ability to move forward after her bankruptcy discharge.

42.     The inaccurate reporting of subject loan had significant adverse effects on Plaintiff's credit rating because it created a false impression that Plaintiff was still personally liable and obligated to pay on the subject loan and Honda account, rendering Plaintiff a high-risk consumer and damaging her creditworthiness.

43.     In an effort to remedy the continued inaccurate and incomplete reporting of the subject loan and to validate the accuracy of Defendants' credit reporting, Plaintiff purchased a TransUnion 3-Bureau Credit Report and Score for $39.95.

44.     The TransUnion 3-Bureau Credit Report revealed that SLS, Honda, Equifax and TransUnion were still failing to accurately report the subject loan and Honda account.

45.     Plaintiff suffered monetary damages she otherwise would not have incurred had Defendants ceased or corrected the inaccurate and incomplete reporting of the subject loan and Honda account after Plaintiff's dispute.

46.     As a result of the conduct, actions, and inaction of Defendants, Plaintiff has suffered various types of damages as set forth herein, including specifically, out-of-pocket expenses, the loss of credit, the loss of ability to purchase and benefit from a credit line, and other frustration and aggravation associated with writing dispute letters, time and money expended meeting with her attorneys, tracking the status of her disputes, monitoring her credit file, and mental and emotional pain and suffering.

47.     Due to the conduct of the Defendants, Plaintiff was forced to retain counsel to force compliance with the Fair Credit Reporting Act.

## COUNT I - VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
(AGAINST SLS)

48. Plaintiff restates and realleges paragraphs 1 through 47 as though fully set forth herein.

49. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

50. SLS is a "person" as defined by 15 U.S.C. §1681a(b).

51. SLS is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

52. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

53. SLS violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax and Plaintiff.

54. SLS violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, namely Plaintiff's discharge order, provided by Plaintiff and Equifax pursuant to 15 U.S.C. §1681i(a)(2).

55. Had SLS reviewed the information provided by Plaintiff, and Equifax, it would have corrected the inaccurate designation of the subject loan, transmitting the correct information to Equifax. Instead, SLS wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

56. SLS violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation of Plaintiff's dispute with Equifax.

57. SLS violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation to Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject loan and Plaintiff.

58. SLS violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information on Plaintiff's credit files.

59. SLS failed to conduct a reasonable investigation of its reporting of the subject loan, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from Equifax under 15 U.S.C. §1681i(a)(1).

60. Despite the blatantly obvious error on Plaintiff's credit file, and Plaintiff's efforts to correct the error, SLS did not correct the errors or trade line to report accurately and completely. Instead, SLS wrongfully furnished and reported the inaccurate, incomplete, and misleading information after Plaintiff's dispute to one or more third parties.

61. A reasonable investigation by SLS would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported on Plaintiff's credit file.

62. Had SLS taken steps to investigate Plaintiff's valid dispute or Equifax's request for investigation, it would have permanently corrected the erroneous and misleading credit reporting. Plaintiff provided all relevant information in her request for investigation. Furthermore, Plaintiff's bankruptcy information is public record that is widely available and easily accessible.

63. By deviating from the standards established by the mortgage servicing industry and the FCRA, SLS acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to Equifax.

**WHEREFORE,** Plaintiff VEENA V. OZA respectfully prays this Honorable Court for the following relief:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;

b. Order the deletion or modification of all adverse credit reporting relating to the subject loan;

c. Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;

d. Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;

e. Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;

f. Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and

g. Award any other relief as this Honorable Court deems just and appropriate.

## COUNT II- VIOLATIONS OF THE FAIR CREDIT REPORTING ACT
### (AGAINST HONDA)

64. Plaintiff restates and realleges paragraphs 1 through 63 as though fully set forth herein.

65. Plaintiff is a "consumer" as defined by 15 U.S.C. §§1681a(b) and (c).

66. Honda is a "person" as defined by 15 U.S.C. §1681a(b).

67. Honda is a "furnisher of information" as defined by 15 U.S.C. §1681s-2 and a "financial institution" as defined by 15 U.S.C. §1681a(t).

68. At all times relevant, the above mentioned credit reports were "consumer reports" as the term is defined by §1681a(d)(1).

69. Honda violated 15 U.S.C. §1681s-2(b)(1)(A) by failing to conduct an investigation with respect to the disputed information after receiving requests for an investigation from Equifax, TransUnion, and Plaintiff.

70. Honda violated 15 U.S.C. §1681s-2(b)(1)(B) by failing to review all relevant information, provided by Plaintiff, TransUnion, and Equifax pursuant to 15 U.S.C. §1681i(a)(2).

71.     Had Honda reviewed the information provided by Plaintiff, TransUnion, and Equifax, it would have corrected the inaccurate designation of the subject loan, transmitting the correct information to TransUnion and Equifax. Instead, Honda wrongfully and erroneously confirmed its inaccurate reporting without conducting a reasonable investigation.

72.     Honda violated 15 U.S.C. §1681s-2(b)(1)(C) by failing to report the results of the investigation of Plaintiff's dispute with TransUnion and Equifax.

73.     Honda violated 15 U.S.C. §1681s-2(b)(1)(C)-(D) by failing to report the results of its investigation to TransUnion and Equifax after being put on notice and discovering inaccurate and misleading reporting with respect to the subject loan and Plaintiff.

74.     Honda violated 15 U.S.C. §1681s-2(b)(1)(E) by failing to modify, delete, or permanently block the inaccurate information on Plaintiff's credit files.

75.     Honda failed to conduct a reasonable investigation of its reporting of the Honda account, record that the information was disputed, or delete the inaccurate reporting from Plaintiff's credit file within 30 days of receiving notice of a dispute from TransUnion and Equifax under 15 U.S.C. §1681i(a)(1).

76.     Despite the blatantly obvious error on Plaintiff's credit file, and Plaintiff's efforts to correct the error, Honda did not correct the errors or trade line to report accurately and completely. Instead, Honda wrongfully furnished and reported the inaccurate, incomplete, and misleading information after Plaintiff's dispute to one or more third parties.

77.     A reasonable investigation by Honda would have confirmed the veracity of Plaintiff's dispute, yet the inaccurate information continues to be reported on Plaintiff's credit file.

78.     Had Honda taken steps to investigate Plaintiff's valid dispute or TransUnion and Equifax's request for investigation, it would have permanently corrected the erroneous and misleading credit reporting. Plaintiff provided all relevant information in her request for investigation.

79.     By deviating from the standards established by the mortgage servicing industry and the FCRA, Honda acted with reckless and willful disregard for its duty as a furnisher to report accurate and complete consumer credit information to TransUnion and Equifax.

**WHEREFORE,** Plaintiff VEENA V. OZA respectfully prays this Honorable Court for the following relief:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b.  Order the deletion or modification of all adverse credit reporting relating to the subject loan;
c.  Award Plaintiff actual damages, in an amount to be determined at trial, for each of the underlying FCRA violations;
d.  Award Plaintiff statutory damages of $1,000.00 for each violation of the FCRA, pursuant to 15 U.S.C. §1681n;
e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. §1681n and 15 U.S.C. §1681o; and
g.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT III - VIOLATION OF THE FAIR CREDIT REPORTING ACT
#### (AGAINST EQUIFAX)

80.     Plaintiff restates and realleges paragraphs 1 through 79 as though fully set forth herein.

81.     Equifax is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

82.     Equifax is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

83.     At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

84.     If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

85.     Plaintiff provided Equifax with all relevant information and documentation in her request for investigation to reflect her bankruptcy discharge and that she is no longer personally liable for the subject loan.

86.     Furthermore, Plaintiff provided Equifax with all relevant information to reflect that he is no longer liable to make payments on Honda account.

87.     Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the subject loan with an inaccurate payment status of collection/charge-off when in fact Plaintiff had received a bankruptcy discharge. Furthermore, Equifax added remarks that Plaintiff's Chapter 13 bankruptcy had been dismissed, when in fact it was discharged.

88.     A simple review of the relevant documents submitted by Plaintiff would have confirmed that Plaintiff had filed and was discharged in bankruptcy and that the reported payment status was inaccurate.

89.     Moreover, Equifax prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the Honda account with an inaccurate monthly payment status when in fact Plaintiff had fully paid off this account.

90.     Equifax violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, Equifax has prepared a patently false and a materially misleading consumer report concerning Plaintiff. Equifax had actual knowledge of

Plaintiff's bankruptcy discharge after Plaintiff included her bankruptcy discharge order attached to her dispute letter on December 13, 2018.[7]

91. Equifax violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information on Plaintiff's credit files.

92. Had Equifax taken any steps to investigate Plaintiff's valid dispute, it would have determined that subject loan and other debts were discharged in Plaintiff's bankruptcy on June 4, 2018. Furthermore, Equifax would have determined that Plaintiff no longer owed a monthly paymern on the Honda account.

93. Equifax violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to SLS and Honda. Upon information and belief, Equifax also failed to include all relevant information as part of the notice to SLS and Honda regarding Plaintiff's dispute that Equifax received from the Plaintiff.

94. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and SLS with regard to the subject loan.

95. Equifax violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Honda with regard to the Honda account.

96. Equifax violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

97. After Plaintiff's written detailed dispute, Equifax had specific information related to Plaintiff's bankruptcy case, and subsequent discharge order, which included the subject loan.

---

[7] In compliance with FCRA section 1681i(5)(D), Equifax must implement an automated system through which furnishers of information to TransUnion may report the results of a reinvestigation that finds incomplete or inaccurate information in a consumer's file to other such consumer reporting agencies. This system, called e-OSCAR-web, is available for use by all data furnishers.

98.     Equifax knew that the inaccurate designation of the subject loan on Plaintiff's credit file under the SLS trade line having an inaccurate payment status after her bankruptcy discharge would have a significant adverse effect on Plaintiff's credit worthiness and ability to receive a "fresh start" after completing her bankruptcy.

99.     Furthermore, Equifax knew that failing to designate Plaintiff's account as discharged in bankruptcy after her bankruptcy discharge would have a significant adverse effect on Plaintiff's credit worthiness and ability to receive a "fresh start" after completing her bankruptcy.

100.    Moreover, knew that the inaccurate designation of the Honda account on Plaintiff's credit file under the Honda trade line having a monthly payment would have a significant adverse effect on Plaintiff's credit worthiness

101.    The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

102.    Despite actual knowledge that Plaintiff's credit file was erroneous, Equifax readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting Plaintiff and, ultimately, Plaintiff's creditworthiness.

103.    By deviating from the standards established by the credit reporting industry and the FCRA, Equifax acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

104.    It is Equifax's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

105.    Equifax's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting her credit information.

106.    Equifax acted reprehensively and carelessly by failing to report the subject loan as discharged in bankruptcy, and reporting an inaccurate payment status, and that Plaintiff's bankruptcy was dismissed after Plaintiff was discharged in bankruptcy.

107.    Upon information and belief, Equifax has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

108.    As stated above, Plaintiff was severely harmed by Equifax's conduct.

**WHEREFORE**, Plaintiff VEENA V. OZA respectfully prays this Honorable Court for the following relief:

  a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
  b.  Order the deletion of all adverse credit reporting;
  c.  Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
  d.  Award each Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
  e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
  f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
  g.  Award any other relief as this Honorable Court deems just and appropriate.

### COUNT IV - VIOLATION OF THE FAIR CREDIT REPORTING ACT
#### (AGAINST TRANSUNION)

109.    Plaintiff restates and realleges paragraphs 1 through 108 as though fully set forth herein.

110.    TransUnion is a "consumer reporting agency" as defined by 15 U.S.C. §1681a(f).

111.    TransUnion is a "consumer reporting agency that compiles and maintains files on consumers on a nationwide basis" as defined by 15 U.S.C. §1681a(p).

112.    At all times relevant, the above mentioned credit reports were "consumer reports" as that term is defined by §1681a(d).

18

113.   If a consumer notifies a credit reporting agency of a dispute concerning the accuracy of any item of credit information, the FCRA requires the credit reporting agency to reinvestigate free of charge and record the current status of the disputed information, or delete the item within 30 days of receiving the dispute. 15 U.S.C. §1681i(a)(1)(A).

114.   Plaintiff provided TransUnion with all relevant information in her request for investigation to that she is no longer required to make monthly payments on the Honda account.

115.   TransUnion prepared Plaintiff's credit reports containing inaccurate and materially misleading information by reporting the Honda account with a monthly payment amount when in fact Plaintiff had paid the account off in full, and owed no monthly payment amount.

116.   A simple review of the dispute submitted by Plaintiff would have confirmed that Plaintiff had paid the Honda account in full and did not have a monthly payment amount owed or scheduled.

117.   TransUnion violated 15 U.S.C. §1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in preparation of the consumer reports it furnished and refurnished regarding Plaintiff. On numerous occasions, TransUnion has prepared a patently false and a materially misleading consumer report concerning Plaintiff.

118.   TransUnion violated 15 U.S.C. §1681i(a)(1) by failing to conduct a reasonable investigation to determine whether the disputed information was accurate and to subsequently delete or correct the information on Plaintiff's credit files.

119.   Had TransUnion taken any steps to investigate Plaintiff's valid dispute, it would have determined that the Honda account was paid in full and that Plaintiff was not required to make a monthly payment.

120.   TransUnion violated 15 U.S.C. §1681i(a)(2) by failing to provide notification of Plaintiff's dispute to Honda. Upon information and belief, TransUnion also failed to include all relevant

information as part of the notice to Honda regarding Plaintiff's dispute that TransUnion received from the Plaintiff.

121.   TransUnion violated 15 U.S.C. §1681i(a)(4) by failing to review and consider all relevant information that it received from Plaintiff and Honda with regard to the subject loan.

122.   TransUnion violated 15 U.S.C. §1681i(a)(5) by failing to delete or modify the inaccurate information that was the subject of Plaintiff's dispute.

123.   TransUnion knew that the inaccurate designation of the Honda accountt on Plaintiff's credit file under the Honda  trade line having a scheduled monthly payment would have a significant adverse effect on Plaintiff's creditworthiness.

124.   The FCRA requires that the credit reporting industry implement procedures and systems to promote accurate credit reporting.

125.   Despite actual knowledge that Plaintiff's credit file was erroneous, TransUnion readily sold Plaintiff's inaccurate and misleading report to one or more third parties, thereby misrepresenting Plaintiff and, ultimately, Plaintiff's creditworthiness.

126.   By deviating from the standards established by the credit reporting industry and the FCRA, TransUnion acted with a reckless disregard for its duties to report accurate and complete consumer credit information.

127.   It is TransUnion's regular business practice to continually report disputed information without taking the required investigatory steps to meaningfully verify such information as accurate.

128.   TransUnion's perpetual non-compliance with the requirements of the FCRA is indicative of the reckless, willful, and wanton nature of its conduct in maintaining Plaintiff's credit file and reporting her credit information.

129.    TransUnion acted reprehensively and carelessly by reporting Plaintiff owing a scheduled payment amount on the Honda account.

130.    Upon information and belief, TransUnion has exhibited a pattern of refusing to correct consumer credit files despite being on notice of patently false and materially misleading information contained in such files, ultimately valuing its own bottom line above its grave responsibility to report accurate data on consumers.

131.    As stated above, Plaintiff was severely harmed by TransUnion's conduct.

**WHEREFORE**, Plaintiff VEENA V. OZA respectfully prays this Honorable Court for the following relief:

a.  Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b.  Order the deletion of all adverse credit reporting;
c.  Award Plaintiff actual damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o;
d.  Award each Plaintiff statutory damages of $1,000.00 for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
e.  Award Plaintiff punitive damages, in an amount to be determined at trial, for the underlying FCRA violations, pursuant to 15 U.S.C. §1681n;
f.  Award Plaintiff costs and reasonable attorney's fees as provided under 15 U.S.C. § 1681n and 15 U.S.C. §1681o; and
g.  Award any other relief as this Honorable Court deems just and appropriate.

**Plaintiff demands trial by jury.**

Dated: August 26, 2019                            Respectfully Submitted,

                                                 /s/ Alexander J. Taylor
                                                 /s/ Marwan R. Daher
                                                 /s/ Omar T. Sulaiman
                                                 Alexander J. Taylor, Esq.
                                                 Marwan R. Daher, Esq.
                                                 Omar T. Sulaiman, Esq.
                                                 *Counsel for Plaintiff*
                                                 Sulaiman Law Group, Ltd
                                                 2500 S Highland Ave, Suite 200
                                                 Lombard, IL 60148
                                                 Telephone: (630) 575-8181
                                                 ataylor@sulaimanlaw.com
                                                 mdaher@sulaimanlaw.com
                                                 osulaiman@sulaimanlaw.com